IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harley Hill, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 0:24-cv-00134-JFA |
| vs. ) | |
| ) | |
| Johnny Holley, ) | **ORDER** |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff, Harley Hill, proceeding *pro se* and *in forma pauperis*, filed this action alleging assault and false imprisonment against the above-named defendant. ECF No. 1. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Paige J. Gossett, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). ECF No. 11. Plaintiff has filed what the Court construes as an objection to the Report. ECF No. 17. Accordingly, this matter is ripe for review.

Plaintiff brings this action alleging assault and false imprisonment. ECF No. 1. The Report notes that Plaintiff's complaint is predicated on an alleged encounter with Defendant on October 17, 2023. ECF No. 11 at 1. Plaintiff asserts that Defendant held her at gunpoint in a driveway in Chester, South Carolina, in addition to taking her personal property. *Id*. Plaintiff asserts she is entitled to damages and "immunity from criminal charges filed by Defendant." ECF No. 1 at 7.

After carefully reviewing Plaintiff's complaint, the magistrate judge entered the Report, which recommends that this action be dismissed without prejudice and without issuance of service of process because for lack of subject matter jurisdiction. ECF No. 11 at 5. The Report concludes that Plaintiff fails to demonstrate that the court has subject matter jurisdiction in this case. The

Report rightly notes that federal courts are courts of limited jurisdiction. Necessarily, they are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The Magistrate Judge appropriately acknowledges the prudence of determining jurisdiction at the outset of litigation, though absence of subject matter jurisdiction may be raised at any time. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Noting that the Magistrate Judge conducted a detailed analysis of the question of subject matter jurisdiction in this case, the Court concludes that the Report correctly identified that there is no basis of federal jurisdiction in this case. As noted, Plaintiff filed what the Court construes to be objections to the Report. ECF No. 17. Plaintiff objects to the finding that the Court does not have subject matter jurisdiction in this case.

The Court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the Plaintiff's objection, and other relevant filings. Plaintiff provides no supporting evidence for this claim. Rather, the Court is left with only Plaintiff's bare assertion of error by the Magistrate Judge. Accordingly, the objection is overruled.[1]

After careful consideration, the Court concludes that Plaintiff's objection is unfounded and offers no showing that the complaint should not be dismissed for lack of subject matter jurisdiction. Therefore, **IT IS ORDERED** that the Report, ECF No. 11, is **ACCEPTED**, and the Plaintiff's objections, ECF No. 17, are **OVERRULED**. For the reasons stated in the Report, the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** and **WITHOUT SERVICE OF PROCESS.**

**IT IS SO ORDERED**.

_____
Joseph F. Anderson, Jr.
United States District Judge

March 4, 2024
Columbia, South Carolina

---

[1] "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)